IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ANGELA RAMSEY-LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. CIV-15-1349-W |
| v. | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff applied for disability benefits in January 2013, alleging that she became disabled on June 1, 2010, due to back, neck, and shoulder injuries, scoliosis and kyphoscoliosis, chronic pain syndrome, insomnia, and anxiety. In a hearing conducted before Administrative Law Judge McClain ("ALJ") in April 2014, Plaintiff stated that she

1

was 46 years old, had completed two years of college, provided care for her three minor children with her husband, and could not work because of pain in her right hip and shoulder and back pain due to scoliosis. Plaintiff estimated she could stand for less than one hour and sit for an hour if she could move around. She could lift 5 to 10 pounds. She did not use a walking aid. Plaintiff stated she had no difficulty with personal care or dressing. She performed some household chores, went grocery shopping, and participated in her hobbies of gardening and furniture repair with assistance from family members and a housekeeper. Plaintiff testified she quit her last job as an account manager due to back pain but that she was not taking pain medication at that time. She routinely cooked for her family and helped her children get to school.

A vocational expert ("VE") also testified at the hearing. The VE testified that an individual with Plaintiff's vocational history of previous work as a bank vice-president over an electronic area and account manager, age, and education and with a residual functional capacity ("RFC") for work at the light exertional level could perform the jobs Plaintiff performed in the past. (TR 64-65). The VE testified that such an individual could also perform other jobs available in the economy, including the unskilled jobs of mail room clerk and laundry sorter. The VE further testified that the same individual with an RFC for sedentary work could perform Plaintiff's past work as the jobs were generally performed in the economy and could perform other sedentary jobs available in the economy, including clerical mailer and order clerk. (TR 66).

In a decision entered May 29, 2014, the ALJ found that Plaintiff last met the insured

status requirements for Title II of the Social Security Act on March 31, 2014. (TR 20). Following the agency's well-established sequential evaluation procedure, the ALJ found at the first step that Plaintiff had not engaged in substantial gainful activity during the period between her alleged onset date of June 1, 2010, through her last insured date of March 31, 2014.

At step two, the ALJ found that through her date last insured Plaintiff had severe impairments due to scoliosis, degenerative disc disease, and a history of shoulder pain. At the third step, the ALJ found that these impairments were not *per se* disabling as the impairments, considered singly or in combination, did not meet or medically equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1.

At step four, the ALJ found that through her date last insured Plaintiff had the RFC for perform work at the light exertional level in that she could occasionally lift and/or carry 20 pounds, frequently life and/or carry 10 pounds, stand and/or walk at least 6 hours in an 8-hour workday, and sit at least 6 hours in an 8-hour workday. Relying on the Plaintiff's and VE's testimony concerning the exertional requirements of Plaintiff's past work, the ALJ found that Plaintiff was capable of performing her past relevant work as a bank vice-president and account manager, given the RFC for light work, which included the RFC for sedentary work.

Alternatively, the ALJ proceeded to the fifth and final step and found that Plaintiff was capable of performing other work available in the national economy, including the jobs of mail room clerk and laundry sorter. Based on these findings, the ALJ found Plaintiff was

not disabled and not entitled to benefits.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. See 20 C.F.R. § 404.981; Wall v. Astrue, 561 F.3d 1048, 1051 (10th Cir. 2009).

II. General Legal Standards Guiding Judicial Review

The Court must determine whether the Commissioner's decision is supported by substantial evidence in the record and whether the correct legal standards were applied. Wilson v. Astrue, 602 F.3d 1136, 1140 (10th Cir. 2010); Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." Wall, 561 F.3d at 1052 (citations, internal quotation marks, and brackets omitted).

The Social Security Act authorizes payment of benefits to an individual with disabilities. 42 U.S.C. § 401 *et seq*. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord, 42 U.S.C. § 1382c(a)(3)(A); see 20 C.F.R. § 416.909 (duration requirement). Both the "impairment"

4

and the "inability" must be expected to last not less than twelve months. Barnhart v. Walton, 535 U.S. 212 (2002).

The agency follows a five-step sequential evaluation procedure in resolving the claims of disability applicants. See 20 C.F.R. §§ 404.1520(a)(4), (b)-(g), 416.920(a)(4), (b)-(g). "If the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005). "The claimant is entitled to disability benefits only if he [or she] is not able to perform other work." Bowen v. Yuckert, 482 U.S. 137, 142 (1987).

Plaintiff's insured status for the purpose of Title II disability insurance benefits expired on March 31, 2014. Consequently, to be entitled to receive disability insurance benefits, Plaintiff must show that he was "actually disabled [within the meaning of the Social Security Act] prior to the expiration of his insured status." Potter v. Secretary of Health & Human Servs., 905 F.2d 1346, 1349 (10th Cir. 1990)(*per curiam*); accord, Adams v. Chater, 93 F.2d 712, 714 (10th Cir. 1996); Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 360 (10th Cir. 1993).

III. Step Four - RFC

In her sole argument of error, Plaintiff contends that the ALJ's RFC assessment is not supported by substantial evidence in the record. Specifically, Plaintiff contends that "[t]here

were no proper back or shoulder limitations in RFC, and that was error." Plaintiff's Opening Brief, at 2. But Plaintiff points to no medical evidence in the record that is inconsistent with the ALJ's RFC finding for a full range of light work. Plaintiff merely posits, without evidentiary support, that "[l]ight work without a single limitation is contraindicated for a person with back and should [sic] problems like Ms. Ramsey has." Id. at 3.

As the ALJ pointed out in the decision, Plaintiff underwent outpatient surgery in May 2011 to repair a partial rotator cuff tear in her left shoulder. (TR 227). She underwent a period of physical therapy following the surgery. She did not seek further medical treatment for her left shoulder.

As the ALJ also pointed out in the decision, Plaintiff underwent MRI testing of her lumber spine in October 2012. Dr. Naik interpreted the test as showing high-grade lumbar scoliotic curve, mild diffuse degenerative changes and mild degenerative retrolisthesis at one level, bulging disc with small central disc protrusion but only mild mass effect on the thecal sac at one level without central stenosis, and minor diffuse facet degenerative change contributing to mild narrowing of the nerve root foramina at two levels. (TR 259).

The record shows that a neurosurgeon, Dr. White, reviewed the MRI test in October 2012 and reported that Plaintiff appeared to have a 30-degree spinal curvature due to scoliosis and that surgery was not recommended. (TR 269-70). Plaintiff was referred for physical therapy. Dr. White also reported that Plaintiff exhibited a steady gait, was able to stand on her heels and toes, and exhibited full range of motion and full strength except for some giveaway weakness in her hips due to low back pain. Plaintiff later reported to Dr.

6

White in December 2012 that physical therapy had "helped her substantially" and she was experiencing "much less pain" and did not desire further medical treatment. (TR 267). She was advised by Dr. White that "nothing more" was needed in terms of medical treatment as long as symptoms were controlled with exercises and stretching. (TR 267).

Plaintiff was treated by a pain management specialist, Dr. Mackey, beginning in January 2013. Dr. Mackey prescribed pain medication for chronic pain syndrome, lumbago, and scoliosis, and advised Plaintiff to get regular exercise such as walking, water exercises, bicycling, yoga, or Pilates. (TR 312). Dr. Mackey repeatedly noted that Plaintiff's pain levels were stable with medications. Plaintiff reported to Dr. Mackey on several occasions that she was participating in a variety of activities, including traveling to another state to care for her adult daughter and traveling to another state for a vacation that involved snowmobiling. (TR 380). Dr. Mackey noted that Plaintiff reported her pain medications were helping and that she "show[ed] no signs of impairment" in January 2014. (TR 380).

At an examination conducted at the Southwest Scoliosis Institute in August 2013, Plaintiff reported to the examiner, Dr. Hostin, that she had not continued the exercises from her 2012 physical therapy. (TR 351). The examining physician noted at that time that Plaintiff exhibited a normal gait, normal muscle tone, symmetric range of hip motion without pain or tenderness, full cervical range of motion, and decreased rotation/extension of the thoracolumbar area but without tenderness, and normal strength and reflexes. (TR 353). She was again advised to regularly exercise in order to strengthen her muscles and to taper off of narcotic medications. (TR 355).

As the ALJ pointed out in the decision, no treating doctor imposed work-related limitations upon Plaintiff. (TR 28). Moreover, as the ALJ reasoned, the state agency medical consultants reviewed the medical evidence and opined that Plaintiff was capable of performing work at the light exertional level. (TR 27, 89-90, 100-01).

The ALJ also appropriately considered the credibility of Plaintiff's allegation of disabling pain and limitations. The ALJ provided reasons that are well supported by the record for finding that those allegations were not entirely credible. There is substantial evidence in the record to support the ALJ's RFC assessment.

According to the VE's hearing testimony, Plaintiff described her previous jobs as having been performed at the light exertional level but that those jobs are generally performed in the economy at the sedentary exertional level. The VE testified that an individual who could perform work either at the light or sedentary exertional level could perform Plaintiff's previous jobs either as she described those jobs or as they are generally performed in the economy. There is substantial evidence in the record to support the ALJ's finding that prior to the date she was last insured for Title II benefits Plaintiff was not disabled as she was capable of performing her past relevant work either as it is generally performed or as she described it. Moreover, there is substantial evidence in the record to support the ALJ's alternative step five finding that prior to the date Plaintiff was last insured for Title II benefits she was capable of performing jobs available in the national economy. Therefore, the Commissioner's decision should be affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's application for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before September 14th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 25th day of August, 2016.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE